

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
REGION 27
Byron Rogers Federal Office Building
1961 Stout Street, Suite 13-103
Denver, CO 80294

Agency Website:
www.nlrb.gov
Telephone: (303)844-3551
Fax: (303)844-6249

**E-filed through CMF/ECF**

September 11, 2023

The Honorable Kathryn A. Starnella
Magistrate Judge for the United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3598

                Re:    Sawyer v. Big Green
                      Civil No. 1:22-cv-02574-GPG-KAS

Dear Magistrate Judge Starnella:

      On October 6, 2022, Petitioner came before this court requesting preliminary injunctive relief in the above-captioned case. The relief sought included, among other things, a reopening of Respondent Big Green's facilities, the reinstatement of ten named discriminatees, and an interim bargaining order pursuant to *NLRB v. Gissel Packing Co., Inc.* 395 U.S. 575, 614-615 (1969), as then applied under *Linden Lumber Div., Summer & Co.,* 190 NLRB 718 (1971). The requested bargaining order would require Respondent to recognize the Denver Newspaper Guild-Communications Workers of America, Local 37074 (Union), whom the majority of employees in a proposed unit (including the alleged discriminatees) had chosen as their representative for the purposes of collective bargaining. The purpose of this letter is to update you, as the judge most recently assigned to the case, of the expansion in Board law that would further support a bargaining order, and to request that you expedite Petitioner's request for preliminary injunction.

      On August 25, 2023, the Board issued its decision in *Cemex Const. Materials Pacific, LLC,* 372 NLRB No. 130, overturning *Linden Lumber* and replacing it with a more liberal standard for determining whether a bargaining order is warranted. A copy of the decision is attached to this correspondence. The new standard places a higher burden on an employer refusing to recognize a labor organization when a majority of its employees in an appropriate unit demand voluntary recognition of the designated union. Pursuant to *Cemex,* an employer's refusal to voluntarily recognize such a majority representative could result in a bargaining order if the employer fails to seek

confirmation of its employees' desires by filing a petition for an election with the Board, or if the employer engages in unfair labor practices prompting dismissal of an election petition. The new standard applies retroactively, and is applicable in the instant case.

Applied to the instant case, the Board's decision in *Cemex* supports the issuance of an injunction, including an interim bargaining order.  Upon a request for recognition of the Union  by an overwhelming majority of its employees in a particular bargaining unit, Respondent simply refused to grant recognition and then illegally discharged the entire bargaining unit after the Union and petitioned for an election.  Thus, the reasonable cause prong now cuts even more strongly in favor of issuing the injunction for a temporary bargaining order, as the Board has significantly reduced the burden of proof for obtaining a final bargaining order.

Absent prompt injunctive relief, the final Board order in this case will be rendered meaningless, and the harm done to the employees' rights under the National Labor Relations Act will be irreparable. This is precisely the result Congress intended to prevent in authorizing injunctive relief under Section 10(j) of the Act. Although Petitioner recognizes that this is not the only case pending before the Court, due to the real potential for irreparable harm, Petitioner respectfully requests that the Court promptly issue the injunction requested herein.

Respectfully submitted,

s/ Noor I. Alam
**Noor I. Alam**
**Jose R. Rojas**
**Leticia Peña**
National Labor Relations Board Region 27
Byron Rogers Federal Office Building
1961 Stout Street, Suite 13-103
Denver, Colorado 80294
Telephone: (720) 598-7402
Email: noor.alam@nlrb.gov
jose.rojas@nlrb.gov
leticia.pena@nlrb.gov

Cc:

David A. Campbell, Attorney
Lewis Brisbois Bisgaard & Smith LLP
1375 E 9th St Ste 2250
Cleveland, OH 44114-1795

Donald G. Slezak, Attorney
Lewis Brisbois Bisgaard & Smith LLP
1375 E 9th St Ste 2250
Cleveland, OH 44114-1795